UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM SHARP,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH HERMAN and AMANDA HERMAN, husband and wife; F/V WESTWARD, and ABC CORPORATION,<br><br>        Defendants. | Case No.  C04-5878 RJB<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE |

This matter comes before the Court on Defendants' motion for an order directing Plaintiff to show cause. Dkt. 20. The Court has considered the pleadings filed in this matter and the file within. Plaintiff has not responded to this motion.

FACTUAL AND PROCEDURAL HISTORY

In their motion, Defendants contend that Plaintiff has not responded to several written requests for discovery, and that Plaintiff should be ordered to show cause as to why this action should not be dismissed for failure to prosecute.

On December 22, 2004, Plaintiff filed this action before the Court. Dkt. 2. In his complaint, Plaintiff alleges that he was injured on or about May 4, 2003, while working onboard the vessel WESTWARD. *Id.* On May 4, 2005, Defendants sent written discovery requests to Plaintiff's counsel. Plaintiff has not responded. On September 22, 2005, Plaintiff's counsel filed a notice of

ORDER
Page - 1

withdraw and substitution of counsel. Dkt. 15. On October 24, 2005, Plaintiff's new counsel filed a motion to withdraw as counsel (Dkt. 16), which was approved by the Court on October 28, 2005 (Dkt. 19). Plaintiff is now *pro se* in this matter.

On October 27, 2005, Defendants sent a certified letter to Plaintiff, reminding him that his answers to interrogatories are long overdue. Defendants received and submitted to the Court a receipt for this letter, dated October 29, 2005, with Plaintiff's signature. Defendants contend that they have not received any response from Plaintiff in this matter. Defendants further contend that it will be difficult, if not impossible, for this case to proceed without discovery. By Order of the Court, the discovery period is set to expire on November 21, 2005. Dkt. 12.

## ORDER

Fed. R. Civ. P. 41(b) states in part that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with these rules or any order of the court, and that unless the court otherwise specifies in its order, a dismissal under this rule operates as an adjudication upon the merits. Plaintiff must prosecute with reasonable diligence in order to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

The Court is aware that Plaintiff is *pro se* in this matter, and understands that Plaintiff may not be fully aware of his responsibilities. Defendants' motion for an order to show cause should be granted, however, given that Plaintiff has failed to respond to Defendants' discovery requests, and that Plaintiff appears to have lost interest in pursuing this action.

Therefore, it is hereby

**ORDERED** that Defendants' motion for an order directing Plaintiff to show cause (Dkt. 20) is **GRANTED** in part as follows:

Plaintiff William Sharp is **ORDERED** to show cause, if any he may have, in writing filed with the Court no later than December 5, 2005, why this case should not be dismissed for failure to prosecute. If Plaintiff fails to respond, this action may be dismissed without further notice.

     The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

     DATED this 15th day of November, 2005.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 3