UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM SHARP,<br><br>                Plaintiff,<br><br>   v.<br><br>KENNETH HERMAN and AMANDA HERMAN, husband and wife; F/V WESTWARD, and ABC CORPORATION,<br><br>                Defendants. | Case No.  C04-5878 RJB<br><br>ORDER OF DISMISSAL |

    This matter comes before the Court *sue sponte* on review of the case file. Plaintiff Sharp has not responded to an Order to Show Cause, issued by the Court on November 15, 2005. Dkt. 22. The Court has considered the pleadings filed in this matter and the file within.

FACTUAL AND PROCEDURAL HISTORY

    On December 22, 2004, Plaintiff filed this action before the Court. Dkt. 2. In his complaint, Plaintiff alleges that he was injured on or about May 4, 2003, while working onboard the vessel WESTWARD. *Id.* On May 4, 2005, Defendants sent written discovery requests to Plaintiff's counsel. Plaintiff has not responded. On September 22, 2005, Plaintiff's counsel filed a notice of withdrawal and substitution of counsel. Dkt. 15. On October 24, 2005, Plaintiff's new counsel filed a motion to withdraw as counsel (Dkt. 16), which was approved by the Court on October 28, 2005 (Dkt. 19). Plaintiff is now *pro se* in this matter.

ORDER
Page - 1

1    On October 27, 2005, Defendants sent a certified letter to Plaintiff, reminding him that his answers to interrogatories are long overdue. Defendants received and submitted to the Court a receipt for this letter, dated October 29, 2005, with Plaintiff's signature. Defendants contend that they have not received any response from Plaintiff in this matter. Defendants further contend that it will be difficult, if not impossible, for this case to proceed without discovery. By Order of the Court, the discovery period expired on November 21, 2005. Dkt. 12.

On November 3, 2005, Defendants filed a Motion for an Order to Show Cause (Dkt. 20), requesting that the Court order Plaintiff to show cause why this case should not be dismissed for failure to prosecute. In their motion, Defendants also requested that the Court dismiss this case if Plaintiff failed to respond to the Order to Show Cause.

On November 15, 2005, the Court issued an Order to Show Cause (Dkt. 22), directing Plaintiff to show cause, if any he may have, in writing with the Court no later than December 5, 2005, why this case should not be dismissed for failure to prosecute. In the Order to Show Cause, Plaintiff was informed that this action may be dismissed without further notice if he fails to respond. *Id.* at 2. Plaintiff has failed to respond.

## ORDER

Fed. R. Civ. P. 41(b) states in part that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with these rules or any order of the court, and that unless the court otherwise specifies in its order, a dismissal under this rule operates as an adjudication upon the merits. Plaintiff must prosecute with reasonable diligence in order to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

This case should be dismissed with prejudice for failure to prosecute because Plaintiff has failed to respond to discovery requests and failed to respond to the Court's Order to Show Cause issued on November 15, 2005. Dkt. 22.

Therefore, it is hereby

1    **ORDERED** that this case is **DISMISSED** with prejudice for failure to prosecute.

2    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
3    record and to any party appearing *pro se* at said party's last known address.

4    DATED this 12th day of December, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge